(No. 1241—

THE CALEDONIA COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1929.*

DENEEN, HEALY & LEE, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The Caledonia Company, the claimant, is an Illinois Corporation with its principal office in the State of Illinois at 1624 W. 63rd St., City of Chicago.

The declaration states that the year 1927 had an authorized stock of 50,000 shares of no par value, that the number

of such shares issued and outstanding is 19,000; that the nominal value of no par stock is $25.00, while the market value of each share of such no par stock is $17.00 per share; that on May 14, 1927, the claimant paid to the State of Illinois, for the year following such date of payment, the sum of $2,750.00; that the franchise tax lawfully due on the account of capital stock issued and for the year following said date of payment was $237.50 and that the amount paid exceeded the amount lawfully due the State of Illinois in the sum of $2,262.50.

That the error in computation resulted through no fault of the claimant but from a misstatement made by the claimant in its annual report to the Secretary of State on May 14, 1927.

The claimant files its claim in the sum of $2,262.50 stating that this amount is for excess paid as franchise tax for the year following May 14, 1927.

The Attorney General of the State of Illinois files his answer and consent to an award which is as follows:

"Now comes Oscar E. Carlstrom, Attorney General, answering the claim herein filed, says that upon recommendation of the Secretary of State, the officer to whom the money was paid, consents to an award in this case, and for reason thereof states that the claimant did pay to the Secretary of State as a franchise fee for the year commencing July 1, 1927, the sum of Two Thousand Seven Hundred and Fifty Dollars ($2,750.00) computed upon the authorized capital stock of claimant, to-wit, 50,000 shares, no par value, at the arbitrary valuation of $100, considered by the statute prior to the amendment of May 12, 1927, as the basis for computing franchise fees; that by an emergency Act approved and in force as of May 12, 1927, the computation should have been based upon the issued capital stock of claimant at the value for which the said corporation did sell the capital stock, to-wit, the sum of seventeen dollars ($17.00) per share, upon 19,000 shares issued, which franchise fee should have been in the sum of Two Hundred Thirty-seven Dollars and Fifty Cents ($237.50); and that, therefore, the sum of Two Thousand Two Hundred Sixty-two Dollars and Fifty Cents ($2,262.50) should be rebated to claimant as paid in error, which sum was turned into the State Treasury by the Secre-

178

tary of State before the said Secretary of State was aware of the facts entitling this claimant to an award of this amount.''

This court has held in numerous cases that when the facts show that a franchise tax was paid through an error in computation or where the franchise tax was erroneously paid that the claimant is entitled to a refund of the franchise tax which was in excess legally due the State. It will be found in the opinion filed May 26, 1927, "*Joyce Watkins Company, Corporation, claimant, v. The State of Illinois, respondent,*" Court of Claims Reports, volume 5, page 429.

There are numerous other cases to sustain this finding. In view of the answer and consent to an award filed by the Attorney General and in view of numerous cases cited in volume 5 of the Reports of the Court of Claims and as a matter of equity, the court awards the claimant the sum of $2,262.50.